# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO, <br><br> Plaintiff, <br><br> v. <br><br> BAKERSFIELD RESCUE MISSION, <br><br> Defendant. | Case No.: 1:16-cv-01043 DAD JLT <br><br> FINDINGS AND RECOMMENDATIONS TO DENY THE REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISS THE COMPLAINT <br><br> (Docs. 1, 2) |

In his earlier action, filed on March 3, 2016 (Bobo v. Bakersfield Rescue Mission, case number 1:16-cv-00292 LJO JLT) against this same defendant, the plaintiff alleged that while staying at the Bakersfield Rescue Mission, he was subjected to the Mission's no-drug-use policies, that there was no air conditioning for a period of time, that he caught a cold while staying at the Mission and the Mission staff complained he ate too much food. (Bobo v. Bakersfield Rescue Mission, case number 1:16-cv-00292 LJO JLT Docs. 3, 6) The Court denied his request to proceed in forma pauperis and dismissed the action because the Court lacked subject matter jurisdiction.

Undeterred, the plaintiff has again sought to sue the Bakersfield Rescue Mission by raising similar claims and seeks to proceed in forma pauperis. (Docs. 1-2) Because Plaintiff does not present any federal claims in this action, the Court recommends the motion to proceed *in forma pauperis* be **DENIED** and the matter be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

///

1

I.    **Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

If a plaintiff seeks to proceed *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

The Court recommends Plaintiff's application to proceed in forma pauperis be **DENIED** because, as discussed below, the allegations of the complaint fail to allege a claim upon which relief may be granted.

II.    **Background**

While staying at the Mission at some time in the past, the air conditioner did not work for a period of time. (Doc. 1 at 1) Later, it started working when it was too cold for it and the plaintiff caught a cold. Id. Despite this, the Mission required residents to bathe or they would not be permitted to stay; the policy was "no shower, no bed." Id. Plaintiff complains that while at the mission, he was informed by Mission staff that he ate too much. Id. Finally, he complaints about the Mission's policies that the residents cannot "drink or do drugs while here" and if a resident is found to be under the influence, the resident is banned from the facility for five days. Id. As a result, the Mission doesn't

"want me staying in the shelter." Id.

## II. Jurisdiction

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

## III. Discussion and Analysis

Though Plaintiff complains about conditions at the Bakersfield Rescue Mission and, apparently, dislikes the policies implemented there—daily bathing, abstinence from drugs and alcohol, limited food, etc.—this is insufficient to demonstrate that this Court has authority to act. Indeed, Plaintiff fails to identify any claims that would invoke this Court's jurisdiction.

To state a claim for a violation of civil rights, Plaintiff must identify an action that violates the Constitution of the United States or another federal law, and taken by a person acting under color of state law.[2] Here, the Bakersfield Rescue Mission and its employees do not act under color of authority. Rather, in general, individuals—such as those working at homeless shelters or rescue

---

[2] There can be no claim that this action arises under the Court's diversity jurisdiction since the Bakersfield Rescue Mission is a citizen of California as is the plaintiff who has been staying at the Mission in Bakersfield, California.

missions—are private parties and do not act under color of authority with actions attributable to the government. See *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991). Thus, the Court lacks jurisdiction over this matter.

### IV.     Findings and Recommendations

Because the Court lacks jurisdiction over the matter, the Court **RECOMMENDS**:

1. The motion to proceed in forma pauperis (Doc. 2) be **DENIED**;
2. The action be **DISMISSED** without prejudice for lack of subject matter jurisdiction; and
4. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days after being served** with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 22, 2016**                    **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE